UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

UNITED STATES OF AMERICA )
) No. 24CR50033
V )
)
)
DEMARIO D. FLEMMING ) Judge Lindsay C.
) Jenkins

## MOTION TO SUPRESS EVIDENCE

Defendant, Demario D. Flemming, Pro se, moves this Honorable court to supress the evidence found for the violation of the Defendant's Fourth Amendment rights, under the United States Constitution. In support thereof, the Defendant Provides the following:

1. On february 29, 2024, the defendant was arrested by Rockford Police officer's (SCOPE UNIT) Samual McNutt and Kyle Parr

2. Around 8:15pm officer's Samual McNutt and Kyle Parr was patroling the 3300 block of Sablewood Dr in a unmarked city of Rockford Police squad car when they

(1)

observed a silver Lincoln MKX at the intersection of Sablewood Dr and Sitka Ln.

3. Officer's Samual McNutt and Kyle Parr was driving Southbound on Sablewood Dr., then eastbound on Sitka Ln, the officer's observed a Lincoln MKX driving westbound on Sitka Ln. As Samual McNutt turned onto Sitka Ln he report's he illuminated the inside of the Lincoln as it stopped and observed a "Black Man" wearing a white and blue jacket and a "black hat".

4. Officer Samual McNutt report him and officer Kyle Parr was Patroling the area of Sun Valley Ter and North Main they received a dispatch advising a caller said she heard four (4) to five (5) gun shot's south of the intersection of Sablewood Ln and Halsted Rd.

5. As officer's Samual McNutt and Kyle Parr were approaching the intersection of North Main and Halsted Rd going westbound they observed the same Lincoln MKX they had just reportedly seen on Sablewood Dr and Sitka Ln drive around another car that was parked at

(2)

the red light and drive southbound onto north main street.

6. According to officer Samual McNutt the officer's caught up to the Lincoln MKX and ran the registration which came back suspended.

7. While in plainclothes, with hoods over their heads, officer Samual McNutt drove the unmarked police vehicle on the side of the Lincoln MKX redirecting the defendant's route, obstructing the defendant's way of travel, forcing him to go in one direction. Samual McNutt then rolled the window of the police vehicle down and pointed a black object and flashed what the defendant believed to be a firearm with a mounted flashlight as Samual McNutt yelled "HEY STOP" in a aggressive tone provoking the vehicle to flee due to reasonable fear of imminent death and serious injury. (See McNutt body camera)

8. Officer Samual McNutt then activated the squad car overhead emergency lights as the Lincoln drove at a high rate of speed. Officer Samual McNutt then deactived the

(3)

overhead emergency light's immedaitely.

9. As the officer's approached the southbound ramp to north (2nd) Second Street. Once the officer's approached they noticed the Lincoln on the ramp facing north with heavy front end damage.

10. The officer's observed the defendant running across traffic lanes then jump over a four-foot cement median. Officer Samual McNutt report's that he noticed a firearm sight where he seen the defendant fall.

11. Officer Samual McNutt arrested the defendant while ~~[redacted]~~ Kyle Parr beat the defendant in the face.

12. The Fourth Amendment, of the United States Constitution protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. U.S. Const. amend. IV. The Fourth Amendment safeguards the privacy and security of individuals against arbitary invasions by government officials.

(4)

Warrantless searches are per se unreasonable under the Fourth Amendment, subject to only certain exceptions. Generally when the government obtains evidence without a warrant and in violation of an individual's Fourth Amendment rights, the remedy is the suppression of that evidence.

13. A police officer may conduct a brief investigation stop of a person when the officer has reasonable, articulable suspicion that the person had commited or is about to commit a crime. Terry v. Ohio, 392 U.S. at 21-23.

14. A mere "hunch" does not create reasonable suspicion Terry, 392 U.S. at 22 (explaining that stops based on inarticulate hunches" violate the Fourth Amendment United States v. Eymann, 962 F.3d 273, 282 (7th Cir. 2020) ("Reasonable suspicion requires more than an inchoate and unparticularized suspicion or hunch"); United States v. Rodriguez-Escalera, 884 F.3d 661, 668 (7th Cir. 2018) (a reasonable suspicion" requires more than a hunch or inchoate suspicion").

(5)

15. There are four (4) factor's of a seizure. Luedemann, 222 Ill.2d at 553 (citing United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct 1870, 64 L.Ed.2d 497 (1980). Those factor's are (1) the threatening presence of several officers; (2) the display of a weapon by an officer; (3) some physical touching of the citizen; and (4) the use of language or tone of voice indicating that compliance with the officer's request might be required.

16. The ultimate touchstone of the fourth Amendment is reasonableness Brigham City v. Stuat, 547 U.S. 398, 403, 126 S.ct. 1943, 164 L.Ed 2d 650, and it is unreasonable for plainclothes officer's to not identify themself. Doornbos v. City of Chicago, 868 F.3d 572.

17. Officer's cannot improperly provoke - for example, by fraud - a person into fleeing and then use flight to justify a stop. United States v. Franklin, 323 F.3d 1298, 1302 (11th Cir 2003).

18. It may be suggested that flight may be considered provoked in situations

(6)

involving fraud or reasonable fear of imminent harm. Jeter, 721 F.3d at 753; Marshall ex rel. Gossens v. Teske, 284 F.3d 765 (7th Cir. 2002)

19. The Defendant will present evidence showing that Samual McNutt profiled the defendant, that officer's Samual McNutt and Kyle Parr lacked articulable suspicion that the defendant had or was about to commit a crime prior to the provoked flight, that officer's Samual McNutt and Kyle Parr went off a "Hunch" thinking the defendant was involved in their shot's fired incident, that officer's Samual McNutt and Kyle Parr did not run the defendant's registration through LEAD's when they reported they did, the defendant will present evidence to the court proving that statement was manufat manufactured to give them probable cause, the defendant will also provide this court with evidence showing that officer's Samual McNutt and Kyle Parr were in plainclothes with hoods over their heads, the defendant will also provide this court with evidence that officer's Samual McNutt and Kyle Parr

(7)

<in
provoked the defendant into fleeing due to reasonable fear of imminent harm.

The Defendant respectfully request this court to grant a hearing on the facts in this legal matter and if this court find the Rockford Police officer's violated the defendant's Fourth Amendment the defendant Pray this Honorable court suppress the evidence in this matter.

Respectfully Submitted

DEMARIO D. FLEMMING, Defendant
Pro Se

Winnebago County Jail
650 W. State St
Rockford, IL 61101

(8)